# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SAMUEL D. TURNER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 17-722-RGA |
| | ) | |
| CLAIRE DEMATTEIS, Commissioner, | ) | |
| Delaware Department of Corrections, | ) | |
| KOLAWOLE AKINABAYO, Warden, | ) | |
| and ATTORNEY GENERAL OF THE | ) | |
| STATE OF DELAWARE, | ) | |
| | ) | |
| Respondents.[1] | ) | |

| | | |
|---|---|---|
| CURTIS FINNEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 17-723-RGA |
| | ) | |
| CLAIRE DEMATTEIS, Commissioner, | ) | |
| Delaware Department of Corrections, | ) | |
| ROBERT MAY, Warden, and | ) | |
| ATTORNEY GENERAL OF THE STATE | ) | |
| OF DELAWARE, | ) | |
| | ) | |
| Respondents. | ) | |

---

[1]Commissioner Claire DeMatteis replaced former Commissioner Perry Phelps and Warden
Kolawole Akinbayo was appointed to his position after the original filing date of the Petition.
*See* Fed. R. Civ. P. 25(d).

EUGENIA WATSON,                        )
                                       )
        Petitioner,         )
                                       )
   v.                             )     Civil Action No. 17-732-RGA
                                       )
CLAIRE DEMATTEIS, Commissioner,        )
Delaware Department of Corrections,    )
WENDI CAPLE, Warden, and               )
ATTORNEY GENERAL OF THE STATE          )
OF DELAWARE,                           )
                                       )
        Respondents.        )

---

GEORGE R. DORSEY,                      )
                                       )
        Petitioner,         )
                                       )
   v.                             )     Civil Action No. 17-772-RGA
                                       )
CLAIRE DEMATTEIS, Commissioner,        )
Delaware Department of Corrections,    )
MARVIN MAILEY, Bureau Chief,           )
Community Corrections, and ATTORNEY    )
GENERAL OF THE STATE OF                )
DELAWARE,                              )
                                       )
        Respondents.[2]     )

---

TYMERE DORSETT,                        )
                                       )
        Petitioner,         )
                                       )
   v.                             )     Civil Action No. 17-789-RGA
                                       )
CLAIRE DEMATTEIS, Commissioner,        )
Delaware Department of Corrections,    )
MARVIN MAILEY, Bureau Chief,           )
Community Corrections, and ATTORNEY    )
GENERAL OF THE STATE OF                )
DELAWARE,                              )

---

[2]Bureau Chief Marvin Mailey replaced former Bureau Chief Alan Grinstead, an original party to the case. *See* Fed. R. Civ. P. 25(d).

```
                                    )
          Respondents.             )
```

---

```
JAMIL BAILEY,                      )
                                   )
          Petitioner,              )
                                   )
     v.                            )          Civil Action No. 17-790-RGA
CLAIRE DEMATTEIS, Commissioner,    )
Delaware Department of Corrections,)
MARVIN MAILEY, Bureau Chief,       )
Community Corrections, and ATTORNEY)
GENERAL OF THE STATE OF            )
DELAWARE,                          )
                                   )
          Respondents.             )
```

---

```
LARON CARNEY,                      )
                                   )
          Petitioner,              )
                                   )
     v.                            )          Civil Action No. 17-791-RGA
                                   )
CLAIRE DEMATTEIS, Commissioner,    )
Delaware Department of Corrections,)
ROBERT MAY, Warden, and            )
ATTORNEY GENERAL OF THE STATE      )
OF DELAWARE,                       )
                                   )
          Respondents.[3]          )
```

---

```
NEAL GIBSON,                       )
                                   )
          Petitioner,              )
                                   )
     v.                            )          Civil Action No. 17-793-RGA
                                   )
CLAIRE DEMATTEIS, Commissioner,    )
Delaware Department of Corrections,)
ROBERT MAY, Warden, and            )
```

---

[3]Warden Robert May replaced former Warden Dana Metzger, an original party to the case. *See* Fed. R. Civ. P. 25(d).

ATTORNEY GENERAL OF THE STATE )
OF DELAWARE,                  )
                             )
        Respondents.          )

---

LAMONTE HARRIGAN,                    )
                                     )
        Petitioner,                  )
                                     )
    v.                               )        Civil Action No. 17-863-RGA
                                     )
CLAIRE DEMATTEIS, Commissioner,      )
Delaware Department of Corrections,  )
MARVIN MAILEY, Bureau Chief,         )
Community Corrections, and ATTORNEY  )
GENERAL OF THE STATE OF              )
DELAWARE,                            )
                                     )
        Respondents.                 )

---

DAVERN LAWS,                         )
                                     )
        Petitioner,                  )
                                     )
    v.                               )        Civil Action No. 17-864-RGA
                                     )
CLAIRE DEMATTEIS, Commissioner,      )
Delaware Department of Corrections,  )
MARVIN MAILEY, Bureau Chief,         )
Community Corrections, and ATTORNEY  )
GENERAL OF THE STATE OF              )
DELAWARE,                            )
                                     )
        Respondents.                 )

---

JAMES HUMPHREY,                      )
                                     )
        Petitioner,                  )
                                     )
    v.                               )        Civil Action No. 17-898-RGA

CLAIRE DEMATTEIS, Commissioner,       )
Delaware Department of Corrections,    )
ROBERT MAY, Warden, and               )
ATTORNEY GENERAL OF THE STATE         )
OF DELAWARE,                          )
                                      )
        Respondents.                  )

---

BERNARD HERRING,                      )
                                      )
        Petitioner,                   )
                                      )
        v.                            )     Civil Action No. 17-904-RGA
                                      )
CLAIRE DEMATTEIS, Commissioner,       )
Delaware Department of Corrections,    )
ROBERT MAY, Warden, and               )
ATTORNEY GENERAL OF THE STATE         )
OF DELAWARE,                          )
                                      )
        Respondents.                  )

---

TAVAR SMITH,                          )
                                      )
        Petitioner,                   )
                                      )
        v.                            )     Civil Action No. 17-1141-RGA
                                      )
CLAIRE DEMATTEIS, Commissioner,       )
Delaware Department of Corrections,    )
KOLAWOLE AKINABAYO, Warden,           )
and ATTORNEY GENERAL OF THE           )
STATE OF DELAWARE,                    )
                                      )
        Respondents.                  )

THOMAS ROTHWELL,                         )
                                         )
        Petitioner,                  )
                                         )
    v.                                )   Civil Action No. 17-1158-RGA
                                         )
CLAIRE DEMATTEIS, Commissioner,          )
Delaware Department of Corrections,      )
ROBERT MAY, Warden, and                  )
ATTORNEY GENERAL OF THE STATE            )
OF DELAWARE,                             )
                                         )
        Respondents.                 )

---

JAMAL JOHNSON,                           )
                                         )
        Petitioner,                  )
                                         )
    v.                                )   Civil Action No. 17-1195-RGA
                                         )
CLAIRE DEMATTEIS, Commissioner,          )
Delaware Department of Corrections,      )
KOLAWOLE AKINBAYO, Warden, and           )
ATTORNEY GENERAL OF THE STATE            )
OF DELAWARE,                             )
                                         )

---

LUIS RIVERA,                             )
                                         )
        Petitioner,                  )
                                         )
    v.                                )   Civil Action No. 17-1233-RGA
                                         )
CLAIRE DEMATTEIS, Commissioner,          )
Delaware Department of Corrections,      )
ROBERT MAY, Warden, and                  )
ATTORNEY GENERAL OF THE STATE            )
OF DELAWARE,                             )
                                         )
        Respondents.                 )

JYAIRE SMITH,                              )
                                          )
          Petitioner,                     )
                                          )
     v.                                   )          Civil Action No. 17-1234-RGA
                                          )
CLAIRE DEMATTEIS, Commissioner,           )
Delaware Department of Corrections,       )
TRUMAN MEARS, Warden, and                 )
ATTORNEY GENERAL OF THE STATE             )
OF DELAWARE,                              )
                                          )
          Respondents.[4]                 )

## MEMORANDUM OPINION

J. Brendan O'Neill and Nicole Marie Walker, Office of Defense Services for the State of Delaware, Wilmington, Delaware.

> Counsel for Petitioners Samuel D. Turner, Curtis Finney, Eugenia Watson, George R. Dorsey, Tymere Dorsett, Jamil Bailey, Laron Carney, Neal Gibson, Lamonte Harrigan, Davern Laws, James Humphrey, Bernard Herring, Tavar Smith, Thomas Rothwell, Jamal Johnson, Luis Rivera, and Jyaire Smith.

Bryan Arban, Matthew C. Bloom, Kathryn Joy Garrison, Carolyn Shelley Hake, and Maria T. Knoll, Deputy Attorney Generals, Delaware Department of Justice, Wilmington, Delaware.

> Counsel for Respondents.

August 27, 2020
Wilmington, Delaware

---

[4]Warden Truman Mears replaced former Warden G.R. Johnson, an original party to the case. *See* Fed. R. Civ. P. 25(d).

/s/ Richard G. Andrews
ANDREWS, UNITED STATES DISTRICT JUDGE:

Pending before the Court are seventeen separate but nearly-identical § 2254 Petitions.

One Petition is filed by each of the following: Samuel Turner (Civ. A. No. 17-722-RGA); Curtis

Finney (Civ. A. No. 17-723-RGA); Eugenia Watson (Civ. A. No. 17-732-RGA); George R.

Dorsey (Civ. A. No. 17-772-RGA); Tymere Dorsett (Civ. A. No. 17-789-RGA); Jamil Bailey

(Civ. A. No. 17-790-RGA); Laron Carney (Civ. A. No. 17-791-RGA); Neal Gibson (Civ. A. No.

17-793-RGA); Lamonte Harrigan (Civ. A. No. 17-863-RGA); Davern Laws (Civ. A. No. 17-

864-RGA); James Humphrey (Civ. A. No. 17-898-RGA); Bernard Herring (Civ. A. No. 17-904-

RGA); Tavar Smith (Civ. A. No. 17-1141-RGA); Thomas Rothwell (Civ. A. No. 17-1158-

RGA); Jamal Johnson (Civ. A. No. 17-1195-RGA); Luis Rivera (Civ. A. No. 17-1233-RGA);

and Jyaire Smith (Civ. A. No. 17-1234-RGA).

All seventeen Petitioners pled guilty to drug-related offenses between 2010 and 2014.

In turn, all seventeen Petitioners filed Rule 61 motions[5] in the Superior Court asserting the

identical claim for relief arising from issues relating to an evidence scandal in the Office of the

Chief Medical Examiner ("OCME"), namely, that their guilty pleas were rendered involuntary

under *Brady v. United States*, 373 U.S. 742 (1970) because the State failed to disclose evidence

of OCME misconduct prior to the entry of their guilty pleas.  Petitioners alleged that the OCME

misconduct constituted impeachment material under *Brady v. Maryland*, 373 U.S. 83 (1963).

The Superior Court denied all seventeen Rule 61 motions, but none of the instant Petitioners

appealed those decisions.  Instead, they filed the § 2254 Petitions presently pending before the

Court.

---

[5]A Rule 61 motion is a motion filed pursuant to Delaware Superior Court Criminal Rule 61.

1

Each Petition raises the same single claim that the Petitioner's guilty plea was involuntary under *Brady v. United States* because the State failed to disclose evidence of the OCME misconduct prior to the Petitioner entering a guilty plea, and the OCME misconduct constituted impeachment material under *Brady v. Maryland*. (D.I. 1 in *Turner*, Civ. A. No. 17-722-RGA; D.I. 1 at 11-19 in *Finney*, Civ. A. No. 17-723-RGA; D.I. 2 in *Watson*, Civ. A. No. 17-732-RGA; D.I. 2 in *Dorsey*, Civ. A. No. 17-772-RGA; D.I. 2 in *Dorsett*, Civ. A. No. 17-789; D.I. 2 in *Bailey*, 17-790-RGA; D.I. 2 in *Carney*, Civ. A. No. 17-791-RGA; D.I. 3 in *Gibson*, Civ. A. No. 17-793-RGA; D.I. 2 in *Harrigan*, Civ. A. No. 17-863-RGA; D.I. 2 in *Laws*, Civ. A. No. 17-864; D.I. 2 in *Humphrey*, Civ. A. No. 17-898-RGA; D.I. 2 in *Herring*, Civ. A. No. 17-904-RGA; D.I. 2 in *Smith*, Civ. A. No. 17-1141-RGA; D.I. 2 in *Rothwell*, Civ. A. No. 17-1158-RGA; D.I. 2 in *Johnson*, Civ. A. No. 17-1195-RGA; D.I. 2 in *Rivera*, Civ. A. No. 17-1233-RGA; D.I. 2 in *Smith*, Civ. A. No. 17-1234-RGA) Soon after filing the instant Petitions, the Parties in each case filed a joint motion to stay briefing until Judge Stark resolved *Boyer v. Akinbayo*, Civ. A. No. 17-834-LPS, a case with the same procedural issue (*i.e.*, whether the petitioner's failure to appeal the Superior Court's denial of his Rule 61 motion precluded habeas relief due to his purposeful failure to exhaust state remedies). On November 6, 2018, Judge Stark dismissed Boyer's habeas petition as procedurally barred and declined to issue a certificate of appealability. *See Boyer v. Akinbayo*, 2018 WL 5801545 (D. Del. Nov. 6, 2018).[6] Boyer filed a notice of appeal with the Third Circuit Court of Appeals. On April 11, 2019, the Third Circuit denied Boyer's request for a certificate of appealability because "[j]urists of reason could not debate that

---

[6] Large chunks of this opinion are identical to what Judge Stark wrote in *Boyer*. I have independently considered the issues raised, but I do not see any reason to reinvent the wheel when Judge Stark's opinion cogently addresses the issues in dispute.

the District Court properly denied Appellant's 28 U.S.C. § 2254 habeas petition." (*See* D.I. 23 in

*Boyer*, Civ. A. No. 17-834-LPS)

Following the decision in *Boyer*, the Court lifted the stay in each of the instant seventeen

proceedings. Thereafter, the State filed an Answer in opposition to each Petition. In all of the

seventeen Answers, the State contends that the Court is procedurally barred from reviewing the

sole claim for relief because the Petitioners did not exhaust state remedies for that claim. The

State also contends that ten of the seventeen Petitions are time-barred. (D.I. 13 in *Turner*, Civ.

A. No. 17-722-RGA; D.I. 13 in *Watson*, Civ. A. No. 17-732-RGA; D.I. 12 in *Dorsey*, Civ. A.

No. 17-772-RGA; D.I. 15 in *Bailey*, 17-790-RGA; D.I. 12 in *Carney*, Civ. A. No. 17-791-RGA;

D.I. 13 in *Gibson*, Civ. A. No. 17-793-RGA; D.I. 13 in *Harrigan*, Civ. A. No. 17-863-RGA; D.I.

12 in *Smith*, Civ. A. No. 17-1141-RGA; D.I. 3 in *Rothwell*, Civ. A. No. 17-1158-RGA; D.I. 13 in

*Rivera*, Civ. A. No. 17-1233-RGA) None of the seventeen Petitioners filed replies.

The Court has considered each Petition, Answer, and all other materials submitted in

each of the instant seventeen cases. Since the briefing in the seventeen cases is nearly identical

in all material with respect to the substantive and procedural legal issues, and particularly with

respect to the exhaustion/procedural bar issue, the Court finds that judicial economy would be

served by their review and disposition together. Therefore, the Court *sua sponte* consolidates

these cases for decision by a single Memorandum Opinion and Order to be filed in each case.[7]

*See* Fed. R. Civ. P. 42(a); *In re TMI Litigation*, 193 F.3d 613, 724 (3d Cir. 1999)("The purpose

of consolidation is to streamline and economize pretrial proceedings so as to avoid duplication of

---

[7]Since the exhaustion/procedural bar issue is identical and dispositive in each of the cases, the
Court will not address the statute of limitations argument raised by the State in ten of the
Petitions. For simplicity, the Court's citations in the remainder of this Opinion are to the docket
for Petitioner Turner, Civ. A. No. 17-722-RGA, unless otherwise noted.

effort, and to prevent conflicting outcomes in cases involving similar legal and factual issues.");

*Ellerman Lines, Ltd. v. Atlantic & Gull Stevedores, Inc.,* 339 F.2d 673, 675 (3d Cir. 1964)(noting

that a court may consolidate cases *sua sponte* or on motion of a party).  For the reasons that

follow, the Court will dismiss all the Petitions and deny the relief requested.

## I.    BACKGROUND

### A.    OCME CRIMINAL INVESTIGATION

The relevant information regarding the OCME evidence mishandling is set forth below:

> In February 2014, the Delaware State Police ("DSP") and the
> Department of Justice ("DOJ") began an investigation into criminal
> misconduct occurring in the Controlled Substances Unit of
> the OCME.

> The investigation revealed that some drug evidence sent to
> the OCME for testing had been stolen by OCME employees in
> some cases and was unaccounted for in other cases. Oversight of the
> lab had been lacking, and security procedures had not been
> followed. One employee was accused of "dry labbing" (or declaring
> a test result without actually conducting a test of the evidence) in
> several cases. Although the investigation remains ongoing, to date,
> three OCME employees have been suspended (two of those
> employees have been criminally indicted), and the Chief Medical
> Examiner has been fired.

> There is no evidence to suggest that OCME employees tampered
> with drug evidence by adding known controlled substances to the
> evidence they received for testing in order to achieve positive results
> and secure convictions. That is, there is no evidence that the OCME
> staff "planted" evidence to wrongly obtain convictions. Rather, the
> employees who stole the evidence did so because it in fact consisted
> of illegal narcotics that they could resell or take for personal use.

*Brown v. State*, 108 A.3d 1201, 1204-05 (Del. 2015).

### B.    PROCEDURAL BACKGROUND FOR EACH PETITIONER

#### 1. **Samuel Turner**

On December 21, 2012, Turner pled guilty to aggravated (Tier 5) possession. (D.I. 1 at 1;

4

D.I. 1-1 at 1) On March 7, 2013, the Superior Court sentenced Turner as a habitual offender to ten years at Level V incarceration, followed by six months at Level IV work release. (D.I. 1-2 at 1) Turner did not file a direct appeal.

On April 19, 2013, Turner filed a *pro se* motion to reduce sentence, which the Superior Court denied on July 12, 2013. (D.I. 1-1 at 3) On June 19, 2014, Delaware's Office of Defense Services ("OPD"[8]) filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 on Turner's behalf. (*Id.* at 3) The Superior Court denied the Rule 61 motion on May 11, 2017. (*Id.* at 7; D.I. 1-3)

On June 12, 2017, the OPD filed in this Court a § 2254 Petition on Turner's behalf, asserting that his lack of knowledge of the OCME evidence scandal was material to his decision to plead guilty and, therefore, his guilty plea was involuntary pursuant to *Brady v. United States*. (D.I. 1 at 11-19) Turner contends that the OCME misconduct constituted impeachment material under *Brady v. Maryland* and he might not have pled guilty if he had known that he might be able to cast doubt on the chemical composition of the drugs. (*Id.* at 18-19) The State filed an Answer asserting that Turner's Petition should be dismissed as procedurally barred because Turner, like Boyer, did not present his claim to the Delaware Supreme Court on direct or post-conviction appeal. (D.I. 13 at 9-18) The State alternatively asserts that the Petition should be dismissed as time-barred. (*Id.* at 5-8)

### 2. **Curtis Finney**

On June 4, 2013, Finney pled guilty to drug dealing. *See State v. Miller*, 2017 WL 1969780, at *4 (Del. Super. Ct. May 11, 2017). The Superior Court sentenced Finney to eight

---

[8] "OPD" is an acronym for the Office of the Public Defender, which was the predecessor to the Office of Defense Services.

years at Level V incarceration, suspended for eighteen months of probation.  (D.I. 1 at 4; D.I. 1-2 at 1-7 in Civ. A. No. 17-723-RGA)  Finney did not file a direct appeal. (D.I. 12 at 1 in Civ. A. No. 17-723-RGA)

On December 18, 2013, the Superior Court found that Finney had violated his probation and sentenced him to eight years in prison.  (D.I. 1-1 at 3; D.I. 12 at 2 in Civ. A. No. 17-723-RGA)  Finney filed a motion for modification of sentence in March 2014, which the Superior Court denied on April 7, 2014.  (D.I. 1-1 at 3; D.I. 12 at 2 in Civ. A. No. 17-723-RGA)   Finney did not appeal that decision.

On May 9, 2014, the OPD filed a Rule 61 motion for post-conviction relief on Finney's behalf.  (D.I. 1-1 at 3; D.I. 12 at 2 in Civ. A. No. 17-723-RGA)  The Superior Court denied the Rule 61 motion on May 11, 2017. *See Miller*, 2017 WL 1969780, at *15-16.  Finney did not appeal that decision.

On May 11, 2017, the OPD filed in this Court a § 2254 Petition on Finney's behalf, asserting the same claim as already described above with respect to Turner's Petition.   (D.I. 1 at 9-19 in Civ. A. No. 17-723-RGA)  The State filed an Answer asserting the same failure to exhaust/procedurally barred argument it made in connection with Turner's Petition.  (D.I. 12 at 9-14 in Civ. A. No. 17-723-RGA)  The State does not alternatively assert that Finney's Petition should be dismissed as time-barred.

### 3. Eugenia Watson

On October 23, 2012, Watson pled guilty to aggravated (Tier 5) possession of heroin. (D.I. 2 at 4; D.I. 2-1 at 2 in Civ. A. 17-732-RGA)  On January 11, 2013, the Superior Court sentenced Watson as a habitual offender to eight years at Level V incarceration, followed by six months at Level III probation.  (D.I. 2-2 at 1-4 in Civ. A. No. 17-732-RGA)  Petitioner did not

6

appeal her conviction or sentence.

On May 8, 2014, the OPD filed a Rule 61 motion on Watson's behalf.  (D.I. 2-1 at 2; D.I. 2-3 at 1-3, 8 in Civ. A. No. 17-732-RGA)  The Superior Court denied the Rule 61 motion on May 11, 2017.  (D.I. 2-3 in Civ. A. No. 17-732-RGA)  Watson did not appeal that decision.

On  June 13, 2017, the OPD filed in this Court a § 2254 Petition on Watson's behalf, asserting the same claim as already described above with respect to Turner's Petition.  (D.I. 2 in Civ. A. No. 17-732-RGA)  The State filed an Answer asserting the same failure to exhaust/procedurally barred argument it made in connection with Turner's Petition.  (D.I. 13 at 15-24 in Civ. A. No. 17-732-RGA)  The State alternatively asserts that the Petition should be dismissed as time-barred.  (*Id.* at 7-15)

### 4. **George Dorsey**

On February 7, 2012, Dorsey pled guilty to drug dealing.  (D.I. 2 at 2; D.I. 2-1 at 1 in Civ. A. No. 17-772-RGA)  That same day, the Superior Court sentenced Dorsey to five years at Level V incarceration, suspended after six months for six months at Level IV, followed by eighteen months of Level III probation.  (D.I. 2-2 at 1 in Civ. A. No. 17-772-RGA)

On December 11, 2013, Dorsey pled guilty to a new drug dealing charge. (D.I. 12 at 2 in Civ. A. No. 17-772-RGA)  That same day, the Superior Court found Dorsey in violation of his probation and deferred sentencing.  (*Id.*)  On April 4, 2014, the Superior Court sentenced Dorsey as a habitual offender for drug dealing to five years at Level V incarceration.  (D.I. 12 at 2 in Civ. A. No. 17-772-RGA)  Also on April 4, 2014, the Superior Court sentenced Dorsey on his VOP to a consecutive sentence of five years at Level V incarceration, suspended for eighteen months at Level IV, suspended, in turn, after six months for Level II probation.  (D.I. 2-2 at 6 in Civ. A. No. 17-772-RGA)

7

On May 9, 2014, the OPD filed a Rule 61 motion on Dorsey's behalf. (D.I. 2-1 at 2; D.I. 2-3 at 1 in Civ. A. No. 17-772-RGA) The Superior Court denied the Rule 61 motion on June 5, 2017. (D.I. 2-3 in Civ. A. No. 17-773-RGA) Dorsey did not appeal that decision.

On June 16, 2017, the OPD filed in this Court a § 2254 Petition on Dorsey's behalf, asserting the same claim as already described above with respect to Turner's Petition. (D.I. 2 in Civ. A. No. 17-772-RGA) The State filed an Answer asserting the same failure to exhaust/procedurally barred argument it made in connection with Turner's Petition. (D.I. 12 at 11-20 in Civ. A. No. 17-772-RGA) The State alternatively asserts that the Petition should be denied as time-barred. (*Id.* at 5-11)

### 5. **Tymere Dorsett**

On November 7, 2013, Dorsett pled guilty to possession with intent to deliver a controlled substance in a Tier 4 quantity, possession of a firearm during the commission of a felony, and possession of a deadly weapon by a person prohibited. (D.I. 2-1 at 2; D.I. 15 at 1 in Civ. A. No. 17-789-RGA). On January 31, 2014, the Superior Court sentenced Dorsett to an aggregate eleven years at Level V incarceration, suspended after three years for twenty-four months of decreasing levels of supervision. (D.I. 2-2 at 1-9; D.I. 15 at 1-2; D.I. 16-3 in Civ. A. No. 17-789-RGA) Dorsett did not file a direct appeal.

On March 31, 2014, Dorsett filed a motion to modify his sentence, which the Superior Court denied on July 8, 2014. (D.I. 2-1 at 3; D.I. 15 at 1-2; D.I. 16-1 at 3 in Civ. A. No. 17-789-RGA)

Dorsett filed a *pro se* Rule 61 motion on May 19, 2014, and then the OPD filed a substitute Rule 61 motion on Dorsett's behalf on June 19, 2014. (D.I. 15 at 2; D.I. 16-1 at 3 in Civ. A. No. 17-789-RGA) The Superior Court denied the motion on June 5, 2017. (D.I. 2-4 at 1-

8

2; D.I. 15 at 3 in Civ. A. No. 17-789-RGA)  Dorsett did not appeal that decision.

On June 20, 2017, the OPD filed in this Court a § 2254 Petition on Dorsett's behalf, asserting the same claim as already described above with respect to Turner's Petition.  (D.I. 2 in Civ. A. No. 17-789-RGA)  The State filed an Answer asserting the same failure to exhaust/procedurally barred argument it made in connection with Turner's Petition.  (D.I. 15 in Civ. A. No. 17-789-RGA)  The State does not alternatively assert that Dorsett's Petition should be dismissed as time-barred.

### 6.  Jamil Bailey

On October 4, 2011, Bailey pled guilty to possession with the intent to deliver a narcotic schedule I controlled substance.  (D.I. 2-1 at 2 in Civ. A. No. 17-790-RGA)  On March 22, 2013, the Superior Court sentenced Bailey to fifteen years at Level V incarceration, suspended after four years for thirty-three months of decreasing levels of supervision.  (D.I. 2-2 at 1 in Civ. A. No. 17-790-RGA)  Bailey did not appeal his conviction or sentence.

Bailey filed motions to modify sentence on May 30, 2013, November 12, 2013, and April 24, 2014.  (D.I. 2-1 at 4-5 in Civ. A. No. 17-790-RGA)  The Superior Court denied the three motions on June 21, 2013, November 20, 2013, and June 25, 2014, respectively.  *Id.*

On April 30, 2014, the OPD filed a Rule 61 motion on Bailey's behalf. (D.I. 2-1 at 5 Civ. A. No. 17-790-RGA)  The Superior Court denied the motion on May 26, 2017. (D.I. 2-1 at 7-8 in Civ. A. No. 17-790-RGA)  Bailey did not appeal that decision.

On June 20, 2017, the OPD filed in this Court a § 2254 Petition on Bailey's behalf, asserting the same claim as already described above with respect to Turner's Petition.  (D.I. 2 in Civ. A. No. 17-790-RGA)  The State filed an Answer asserting the same failure to exhaust/procedurally barred argument it made in connection with Turner's Petition.  (D.I. 15 at

9

15-24 in Civ. A. No. 17-790-RGA)  The State alternatively asserts that the Petition should be dismissed as time-barred.  (*Id.* at 6-15)

### 7. **Laron Carney**

On November 1, 2011, Carney pled guilty to possession with intent to deliver heroin and resisting arrest. (D.I. 2-1 at 2 in Civ. A. No. 17-791-RGA)  On December 2, 2011, the Superior Court sentenced Carney as follows:  (1) for the possession with intent to deliver conviction, to eight years at Level V incarceration, suspended after six years for eighteen months of Level III probation; and (2) for the resisting arrest conviction, to one year at Level V incarceration, suspended for one year of Level III probation.  (D.I. 2-2 at 1-2 in Civ. A. No. 17-791-RGA) Carney did not appeal his convictions or sentences.

On May 7, 2012, Carney filed a  motion to reduce sentence, which the Superior Court denied on May 16, 2012.  (D.I. 2-1 at 2-3 in Civ. A. No. 17-791-RGA)  On May 7, 2014, the OPD filed a Rule 61 motion on Carney's behalf.  (D.I. 2-1 at 3 in Civ. A. No. 17-791-RGA)  The Superior Court denied the Rule 61 motion on May 26, 2017.  (D.I. 2-4 in Civ. A. No. 17-791-RGA)

On June 20, 2017, the OPD filed in this Court a § 2254 Petition on Carney's behalf, asserting the same claim as already described above with respect to Turner's Petition.  (D.I. 2 in Civ. A. No. 17-791-RGA)  The State filed an Answer asserting the same failure to exhaust/procedurally barred argument it made in connection with Turner's Petition.  (D.I. 12 at 10-18 in Civ. A. No. 17-791-RGA)  The State alternatively asserts that the Petition should be dismissed as time-barred.  (*Id.* at 5-10)

### 8. **Neal Gibson**

On January 19, 2012, Gibson pled guilty to maintaining a vehicle for keeping controlled

substances. (D.I. 3-1 at 2 in Civ. A. No. 17-793-RGA)  On that same day, the Superior Court sentenced Gibson to two years at Level V incarceration, suspended after one year for one year of Level III probation. (D.I. 3-2 at 2 in Civ. A. No. 17-793-RGA)  Gibson did not appeal his conviction or sentence.

On May 21, 2012, Gibson filed a motion to modify his sentence, which the Superior Court denied on June 22, 2012. (D.I. 3-1 at 2 Civ. A. No. 17-793-RGA)

On May 8, 2014, the OPD filed a  Rule 61 motion on Gibson's behalf. (D.I. 3-1 at 2 in Civ. A. No. 17-793-RGA)  The Superior Court denied the Rule 61 motion on June 5, 2017. (D.I. 3-4 at Civ. A. No. 17-793-RGA)  Gibson did not appeal that decision.

On June 20, 2017, the OPD filed in this Court a § 2254 Petition on Gibson's behalf, asserting the same claim as already described above with respect to Turner's Petition. (D.I. 3 in Civ. A. No. 17-793-RGA)  The State filed an Answer asserting the same failure to exhaust/procedural default argument it made in connection with Turner's Petition. (D.I. 13 at 12-20 in Civ. A. No. 17-793-RGA)  The State alternatively asserts that the Petition should be dismissed as time-barred. (*Id.* at 5-12)

### 9. **Lamonte Harrigan**

On August 21, 2012, Harrigan pled guilty to drug dealing. (D.I. 2 at 4; D.I. 2-1 at 1 in Civ. A. No. 17-863-RGA)  The Superior Court immediately sentenced him to five years at Level V incarceration, suspended for twenty-two months of decreasing levels of supervision. (D.I. 2-2 in Civ. A. No. 17-863-RGA)  Harrigan did not file a direct appeal.

On October 4, 2012, the Superior Court found Harrigan in violation of his probation and sentenced him to five years at Level V, suspended for twenty-four months of decreasing levels of supervision. (D.I. 2-1 at 2 in Civ. A. No. 17-863-RGA)  On February 5, 2014, the Superior

11

Court found Harrigan in violation of his probation and deferred sentencing. (*Id.* at 3)  On March 24, 2014, the Superior Court sentenced him to fifty-four months at Level V, suspended for eighteen months of decreasing levels of supervision. (*Id.*)

On June 19, 2014, the OPD filed a Rule 61 motion on Harrigan's behalf. (D.I. 2-1 at 3 in Civ. A. No. 17-863-RGA)  The Superior Court denied the Rule 61 motion on June 19, 2017. (D.I. 2-4 in Civ. A. 17-863-RGA)  Harrigan did not appeal that decision.

On June 30, 2017, the OPD filed in this Court a § 2254 Petition on Harrigan's behalf, asserting the same claim as already described above with respect to Turner's Petition. (D.I. 2 in Civ. A. No. 17-863-RGA)  The State filed an Answer asserting the same failure to exhaust/procedurally barred argument it made in connection with Turner's Petition. (D.I. 13 at 15-27 in Civ. A. No. 17-863-RGA)  The State alternatively asserts that the Petition should be dismissed as time-barred. (*Id.* at 10-15)

**10. Davern Laws**

On June 20, 2013, Laws pled guilty to one count of possession of a firearm by a person prohibited and drug dealing. (D.I. 2-1 at 2; D.I. 15 at 1 in Civ. A. No. 17-864-RGA)  That same day, the Superior Court sentenced Laws as follows: (1) for the person prohibited conviction, to eight years of Level V incarceration, suspended after three years for one year of Level II probation; and (2) for the drug dealing conviction, to fifteen years of Level V incarceration, suspended after two years for six months of Level IV work release, followed by eighteen months of Level III probation. (D.I. 2-2 at 1-4; D.I. 15 at 1 in Civ. A. No. 17-864-RGA)  Laws did not file a direct appeal.

On June 19, 2014, the OPD filed a Rule 61 motion on Laws' behalf. (D.I. 16-1 at 2 in Civ. A. No. 17-864-RGA)  The Superior Court denied the motion on June 20, 2017. (D.I. 2-4 at

12

1-2; D.I. 15 at 2 in Civ. A. No. 17-864-RGA)  Laws did not appeal that decision.

On June 30, 2017, the OPD filed in this Court a § 2254 Petition on Laws' behalf, asserting the same claim as already described above with respect to Turner's Petition. (D.I. 2 in Civ. A. No. 17-864-RGA)  The State Answered with the same failure to exhaust/procedurally barred argument it made in connection with Turner's Petition.  (D.I. 15 in Civ. A. No. 17-864-RGA)  The State does not alternatively assert that the Petition should be dismissed as time-barred.

### 11.  <u>James Humphrey</u>

On October 2, 2013, Humphrey pled guilty to drug dealing. (D.I. 2-1 at 1 in Civ. A. No. 17-898-RGA)  The Superior  Court immediately sentenced him to fifteen years at Level V incarceration, suspended after three years for decreasing levels of supervision.  (D.I. 2-2 in  Civ. A. No. 17-898-RGA)  He did not file a direct appeal.

On December 26, 2013, Humphrey filed a motion to modify sentence.  (D.I. 2-1 at 1 in Civ. A. No. 17-898-RGA)  The Superior Court denied the motion on January 16, 2014.  (*Id.* at 1-2)

On April 30, 2014, the OPD filed a Rule 61 motion on Humphrey's behalf.  (*Id.* at 2) The Superior Court denied the motion on June 21, 2017.  (D.I. 2-4 at 1-2; D.I. 16 at 2 in Civ. A. No. 17-898-RGA)  Humphrey did not appeal that decision.

On July 6, 2017, the OPD filed in this Court a § 2254 Petition on Humphrey's behalf, asserting the same claim as already described above with respect to Turner's Petition.  (D.I. 2 in Civ. A. No. 17-898-RGA)  The State filed an Answer asserting the same failure to exhaust/procedurally barred argument it made in connection with Turner's Petition.  (D.I. 16 at 7-17 in Civ. A. No. 17-898-RGA)  The State does not alternatively assert that Humphrey's

13

Petition should be dismissed as time-barred.

### 12. **Bernard Herring**

On March 20, 2013, Herring pled guilty to possession of a deadly weapon by a person prohibited ("PDWBPP") and drug dealing. (D.I. 2-1 at 2; D.I. 16 in Civ. A. No. 17-904-RGA) On May 31, 2013, the Superior Court sentenced Herring as follows: (1) as a habitual offender for the PDWBPP conviction to eight years at Level V incarceration; and (2) for the drug dealing conviction, to four years at Level V incarceration, suspended for eighteen months of probation. (D.I. 2-2 at 1-2 in Civ. A. No. 17-904-RGA) He did not file a direct appeal.

On June 19, 2014, the OPD filed a Rule 61 motion on Herring's behalf. (D.I. 2-1 at 2-3 in Civ. A. No. 17-904-RGA) The Superior Court denied the motion on June 27, 2017. (D.I. 2-4 at 1-2; D.I. 16 at 3 in Civ. A. No. 17-904-RGA) Herring did not appeal that decision.

On July 6, 2017, the OPD filed in this Court a § 2254 Petition on Herring's behalf, asserting the same claim as already described above with respect to Turner's Petition. (D.I. 2 in Civ. A. No. 17-904-RGA) The State Answered with the same failure to exhaust/procedurally barred argument it made in connection with Turner's Petition. (D.I. 16 at 6-16 in Civ. A. No. 17-904-RGA) The State does not alternatively assert that the Petition should be dismissed as time-barred.

### 13. **Tavar Smith**

On July 6, 2010, Smith pled guilty to trafficking drugs. (D.I. 2-1 at 4 in Civ. A. No. 17-1141-RGA) The Superior Court immediately sentenced him to ten years at Level V incarceration, suspended after three years for one year at Level IV home confinement, followed by six months of Level III probation. (D.I. 2-2 in Civ. A. No. 17-1141-RGA) Smith did not file a direct appeal.

14

Since his conviction, the Superior Court has found Smith in violation of his probation six times. (D.I. 2-1 in Civ. A. No. 17-1141-RGA)  Smith did not appeal from any of those decisions.

On June 19, 2014, the OPD filed a Rule 61 motion on Smith's behalf.  (D.I. 2-1 at 6 in Civ. A. No. 17-1141-RGA).  The Superior Court denied the Rule 61 motion on June 30, 2017. (D.I. 2-4 in Civ. A. No. 17-1141-RGA)  Smith did not appeal that decision.

On August 15, 2017, the OPD filed in this Court a § 2254 Petition on Smith's behalf, asserting the same claim as already described above with respect to Turner's Petition.  (D.I. 2 in Civ. A. No. 17-1141-RGA)  The State filed an Answer asserting the same failure to exhaust/procedurally barred argument it made in connection with Turner's Petition.  (D.I. 12 at 14-23 in Civ. A. No. 17-1141-RGA)  The State alternatively asserts that the Petition should be dismissed as time-barred.  (*Id.* at 7-14)

### 14. **Thomas Rothwell**

On August 5, 2010, Rothwell pled guilty to possession with intent to deliver cocaine. (D.I. 2-1 at 3 in Civ. A. No. 17-1158-RGA)  The Superior Court immediately sentenced him to eight years at Level V incarceration, suspended after three years for one year of Level III probation. (D.I. 2-2 in Civ. A. No. 17-1158-RGA)  Rothwell did not file a direct appeal.

On March 1, 2011, Rothwell field a *pro se* motion for modification of sentence pursuant to Delaware Superior Court Criminal Rule 35(b).  (D.I. 2-1 at 3 in Civ. A. No. 17-1158-RGA) The Superior Court denied the motion on March 14, 2011.  (*Id.*)  Rothwell filed two more motions to modify his sentence, which the Superior Court denied.  (*Id.* at 3-4)  Rothwell did not appeal any of these decisions.

On January 8, 2013, the Superior Court modified Rothwell's sentence order to include a

15

mental health evaluation and treatment.  (*Id*. at 4)  On February 10, 2014, the Superior Court ordered Rothwell to enter and successfully complete a designated enhanced supervision program, effective upon his release to community supervision. (*Id*.)

On June 19, 2014, the OPD filed a Rule 61 motion on Rothwell's behalf.  (*Id*.).  The Superior Court denied the Rule 61 motion on June 27, 2017.  (D.I. 2-4 in Civ. A. No. 17-1158-RGA)  Rothwell did not appeal that decision.

On August 17, 2017, the OPD filed in this Court a § 2254 Petition on Rothwell's behalf, asserting the same claim as already described above with respect to Turner's Petition.  (D.I. 2 in Civ. A. No. 17-1158-RGA)  The State filed an Answer asserting the same failure to exhaust/procedurally barred argument it made in connection with Turner's Petition.  (D.I. 13 at 16-24 in Civ. A. No. 17-1158-RGA)  The State alternatively asserts that the Petition should be dismissed as time-barred.  (*Id*. at 9-16)

### 15.  **Jamal Johnson**

On February 20, 2014, Johnson pled guilty to drug dealing and possession of a firearm by a person prohibited ("PFBPP").  (D.I. 2-1 at 2; D.I. 16 at 1 in Civ. A. No. 17-1195-RGA)  The Superior Court immediately sentenced him as follows: (1) for the PFBPP conviction, to eight years at Level V incarceration, suspended after five years for eighteen months of decreasing levels of supervision; and (2) for the drug dealing conviction, to eight years at Level V incarceration, suspended after six months for eighteen months of probation.  (D.I. 2-2 at 2-4 in Civ. A. No. 17-1195-RGA)  Johnson did not file a direct appeal.

On May 13, 2014, the OPD filed a Rule 61 motion on Johnson's behalf.  (*Id.* at 3; D.I. 16 at 2 in Civ. A. No. 17-1195-RGA)  The Superior Court denied the Rule 61 motion on August 21, 2017.  (D.I. 2-4 at 2-3 n Civ. A. No. 17-1195-RGA)  Johnson did not appeal that decision.

16

On August 24, 2017, the OPD filed in this Court a § 2254 Petition on Johnson's behalf,

asserting the same claim as already described above with respect to Turner's Petition.  (D.I. 2 in

Civ. A. No. 17-1195-RGA)  The State answered with the same failure to exhaust/procedurally

barred argument it made in connection with Turner's Petition.  (D.I. 16 in Civ. A. No. 17-1195-

RGA)  The State does not alternatively assert that the Petition should be dismissed as time-

barred.

### 16. **Luis Rivera**

On May 26, 2011, Rivera pled guilty to possession with intent to deliver a narcotic

schedule II controlled substance ("PWID"), maintaining a vehicle for keeping or delivering

controlled substances, and criminal impersonation.  (D.I. 2-1 at 3 in Civ. A. No. 17-1233-RGA)

The Superior Court sentenced Rivera on February 3, 2012 as follows: (1) for the PWID

conviction, to one year at Level V incarceration, suspended for eighteen months at Level III; (2)

for the maintaining a vehicle conviction, to two years at Level V incarceration, suspended for

eighteen months at Level II; and (3) for the criminal impersonation conviction, to one year at

Level V incarceration, suspended for eighteen months at Level III.  (D.I. 2-2 in Civ. A. No. 17-

1233-RGA)  Rivera did not file a direct appeal.

On May 13, 2014, the OPD filed a Rule 61 motion on Rivera's behalf.  (D.I. 2-1 at 3in

Civ. A. No. 17-1233-RGA).  The Superior Court denied the Rule 61 motion on August 25, 2017.

(D.I. 2-4 in Civ. A. No. 17-1233-RGA)  Rivera did not appeal that decision.

On August 30, 2017, the OPD filed in this Court a § 2254 Petition on Rivera's behalf,

asserting the same claim as already described above with respect to Turner's Petition.  (D.I. 2 in

Civ. A. No. 17-1233-RGA)  The State filed an Answer asserting the same failure to

exhaust/procedurally barred argument it made in connection with Turner's Petition.  (D.I. 13 at

17

13-21 in Civ. A. No. 17-1233-RGA) The State alternatively asserts that the Petition should be dismissed as time-barred. (*Id*. at 6-13)

### 17. **Jyaire Smith**

On October 2, 2013, Smith pled guilty to drug dealing in a tier two quantity. (D.I. 2-1 at 1; D.I. 13 at 1 in Civ. A. No. 17-1234-RGA) The Superior Court sentenced him on January 10, 2014 to six years at Level V incarceration, suspended after six months for two years of Level III probation. (D.I. 2-2 at 2; D.I. 14-6 in Civ. A. No. 17-1234-RGA) Smith did not file a direct appeal.

On May 14, 2014, the OPD filed a Rule 61 motion on Smith's behalf. (D.I. 2-1 at 3; D.I. 13 at 2 in Civ. A. No. 17-1234-RGA) The Superior Court denied the Rule 61 motion on August 25, 2017. (D.I. 2-4 in Civ. A. No. 17-1234-RGA) Smith did not appeal that decision.

On November 19, 2014, the Superior Court found that Smith had violated the terms of his probation and sentenced him to five years at Level V, suspended after four years for one year of Level IV supervision. (D.I. 2-1 at 4; D.I. 13 at 3 in Civ. A. No. 17-1234-RGA) The Delaware Supreme Court affirmed the Superior Court's violation of probation finding and sentence on June 22, 2015. *Smith v. State*, 2015 WL 3885960 (Del. June 22, 2015).

On August 30, 2017, the OPD filed in this Court a § 2254 Petition on Smith's behalf, asserting the same claim as already described above with respect to Turner's Petition. (D.I. 2 in Civ. A. No. 17-1234-RGA) The State Answered with the same failure to exhaust/procedurally barred argument it made in connection with Turner's Petition. (D.I. 13 in Civ. A. No. 17-1234-RGA) The State does not alternatively assert that the Petition should be dismissed as time-barred.

18

## II.   GOVERNING LEGAL PRINCIPLES

### A. Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003). Pursuant to AEDPA, a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA imposes procedural requirements and standards for analyzing the merits of a habeas petition in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

### B. Exhaustion and Procedural Default

Absent exceptional circumstances, a federal court cannot grant habeas relief unless the petitioner has exhausted all means of available relief under state law. *See* 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). The exhaustion requirement is based on principles of comity, requiring a petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 844-45; *see also Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000). A petitioner satisfies the exhaustion requirement by fairly presenting all claims to the state's highest court, either on direct appeal or in a post-conviction proceeding, in a procedural manner permitting the court to consider the claims on their merits. *See Bell v. Cone*, 543 U.S. 447, 451 n.3 (2005); *Castille v. Peoples,* 489 U.S. 346, 351 (1989).

19

A petitioner may be excused from exhausting state remedies when there is either an absence of an available State corrective process or the existence of circumstances, such as futility or inordinate delay, that render such processes ineffective. *See* 28 U.S.C. § 2254(b)(1)(B); *Duckworth v. Serrano*, 454 U.S. 1 (1981). Situations falling within the "ineffective corrective process" exception to the exhaustion requirement include those instances when "(1) the state corrective process is so deficient as to render any effort to obtain relief futile []; (2) acts of state officials have, in effect, made state remedies unavailable to the petitioner []; or (3) 'inordinate delay' in state proceedings has rendered state remedies ineffective." *Kozak v. Pennsylvania*, 2012 WL 4895519, at *4 (M.D. Pa. Oct 15, 2012). When a failure to exhaust is excused due to an ineffective corrective process, the court may review a claim on its merits without engaging in the procedural default analysis. *See, e.g., Lee v. Strickman*, 357 F.3d 338, 344 (3d Cir. 2004); *Story v. Kindt*, 26 F.3d 402, 405-06 (3d Cir. 1994); *Woodruff v. Williams*, 2016 WL 6124270, at *1 (E.D. Pa. Oct. 19, 2016).

However, if a petitioner's failure to exhaust does not fall within the aforementioned "ineffective corrective process" exception, and state procedural rules bar the petitioner from seeking further relief in state courts, the claims, while technically exhausted, are procedurally defaulted. *See Lines v. Larkins,* 208 F.3d 153, 160 (3d Cir. 2000). *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). Similarly, if a petitioner presents a habeas claim to the state's highest court, but that court "clearly and expressly" refuses to review the merits of the claim due to an independent and adequate state procedural rule, the claim is technically exhausted but procedurally defaulted. *See Coleman*, 501 U.S. at 750*; Harris v. Reed*, 489 U.S. 255, 260-64 (1989). A federal court cannot consider the merits of procedurally defaulted claims unless the petitioner establishes cause and prejudice to excuse the default, or that a fundamental miscarriage

20

of justice will result absent review of the claims. *See Lines*, 208 F.3d at 160.

## III. DISCUSSION

All seventeen Petitioners acknowledge that they did not exhaust state remedies for their habeas claim due to their failure to appeal the denial of their Rule 61 motions to the Delaware Supreme Court. (D.I. 1 at 4) However, Petitioners argue that the Court should excuse their failure to exhaust on the basis of futility: (1) exhausting state remedies by appealing the Superior Court's Rule 61 decision would have been futile because of the Superior Court's inordinate delay in adjudicating his Rule 61 motion ("inordinate delay" excuse); (2) appealing the denial of their Rule 61 motions to the Delaware Supreme Court would have been futile because that court has rejected identical claims based upon the OCME misconduct in other cases for postconviction relief ("futility on the merits" excuse); and (3) appealing the denial of their Rule 61 motions to the Delaware Supreme Court would have been futile because Rule 61 does "not provide an adequate opportunity for [Petitioner]s to obtain relief" ("futility due to deficiency of Rule 61 proceedings" excuse) (D.I. 1 at 5-7). The State contends that Petitioners' failure to exhaust should not be excused for any of these futility reasons and, since state criminal procedural rules preclude them from returning to the state courts for further review, the claim is now technically exhausted but procedurally defaulted. (D.I. 13 at 9-17) Given Petitioners' failure to provide cause and prejudice, or to show that a miscarriage of justice will occur without habeas review of the claim, the State asserts that the Court should deny the claim as procedurally barred from habeas review. (*Id.*)

### A. Exhaustion

Petitioners contend that their failure to appeal the denial of their Rule 61 motions should be excused because of inordinate delay in their state court proceedings and because exhaustion

21

would have been futile.  The Court will discuss these arguments *seriatim*.

### 1. **Inordinate Delay**

"[I]nexcusable or inordinate delay by the state in processing claims for relief may render the state remedy effectively unavailable," thereby warranting excusing the exhaustion requirement. *Story*, 26 F.3d at 405.  "The existence of an inordinate delay does not automatically excuse the exhaustion requirement, but it does shift the burden to the state to demonstrate why exhaustion should still be required." *Lee*, 357 F.3d at 341.

Neither the United States Supreme Court nor the Third Circuit has defined the specific amount of time that constitutes inordinate delay in a petitioner's post-conviction proceedings. As explained by the Third Circuit,

> We stated in *Wojtczak v. Fulcomer,* 800 F.2d 353, 354 (3d Cir. 1986), that "inexcusable or inordinate delay by the state in processing claims for relief may render the state remedy effectively unavailable."  In that case, thirty-three months had passed after the petitioner's PCRA filing without resolution.  *Id.*  This, we found, excused the petitioner's failure to exhaust his state court remedies. *Id.* at 356.  The thirty-three month delay in *Wojtczak* remains the shortest delay held to render state collateral proceedings ineffective for purposes of the exhaustion requirement.

*Cristin v. Brennan,* 281 F.3d 404, 411 (3d Cir. 2002)(refusing to excuse exhaustion in the face of twenty-seven month delay); *see also Lee*, 357 F.3d at 343-44 (excusing exhaustion after eight year delay); *Coss v. Lackawanna County Dist. Att'y,* 204 F.3d 453, 460 (3d Cir. 2000)(en banc)(excusing exhaustion after seven year delay), *rev'd on other grounds,* 532 U.S. 394 (2001); *Story*, 26 F.3d 402, 406 (3d Cir. 1994)(excusing exhaustion after nine year delay).  Generally, courts in the Third Circuit have excused a petitioner's failure to exhaust state remedies where the following three factors are present: (1) the delays in the state court proceedings have amounted

22

to three, five, eleven, or twelve years;[9] (2) no meaningful action towards resolution has been

taken in the state court; and (3) the delay was not attributable to the petitioner. *See Simmons v.*

*Garman*, 2017 WL 2222526, at *3 (E.D. Pa. Feb. 14, 2017).

Federal courts consider the degree of progress made by the state courts when determining

whether a delay is inordinate. *See Lee*, 357 F.3d at 342. In cases in which courts have excused

exhaustion due to an inordinate delay, the delay in petitioners' state post-conviction proceedings

was still ongoing at the time of federal habeas review. *See Wojtczak*, 800 F.2d at 354

(unresolved after thirty-three months); *cf. Cristin*, 281 F.3d at 411 (concluding that thirty-three

month delay did not excuse exhaustion under inordinate delay exception as state court ruled on

Cristin's state post-conviction petition one week after he filed his federal habeas petition);

*Wallace v. Dragovich*, 143 F. App'x 413, 418 (3d Cir. 2005)(finding that petitioner's failure to

exhaust was not excusable on basis of inordinate delay, where previously stalled state habeas

proceeding had resumed). The Court has not identified any cases holding that a petitioner's

failure to exhaust can be excused on the basis of a delay in a state post-conviction proceeding

when that delay has already ended. *See, e.g.*, *Vreeland v. Davis*, 543 F. App'x 739, 741-42 (10th

Cir. 2013).

Here, none of the seventeen Petitioners appealed the denial of their Rule 61 motions. In

fact, they admit they purposefully decided to forgo post-conviction appeals in order to proceed

immediately with federal habeas petitions. *Id.* Petitioners assert that the average three-year span

between the filing of their Rule 61 motions and the Superior Court's adjudication of those

motions constitutes inordinate delay and the possibility of continued delay in the Delaware

---

[9]*See Story*, 26 F.3d at 405-06 (citing cases).

Supreme Court "unnecessarily risk[ed] mooting [Petitioners'] federal claims before [they] [would be] able to reach Federal Court." (D.I. 1 at 6)

The Court rejected an almost identical argument in *Boyer*, because Boyer's post-conviction proceeding was not in a state of suspended animation when he filed his habeas Petition. *See Boyer*, 2018 WL 5801545, at *4-5. The Court also noted that Boyer's mistrust of the Delaware Supreme Court's ability to decide his post-conviction appeal within a certain time-frame was insufficient to excuse him from exhausting state court remedies for his claim. *See Boyer*, 2018 WL 5801545, at *4-5.

Like Boyer, Petitioners did not file their Petitions while their Rule 61 motions were in a state of suspended animation. As a result, Petitioners also cannot rely on allegations of inordinate delay to excuse their failure to exhaust.

### 2. **Futility on the Merits**

Petitioners also ask the Court to excuse their failure to exhaust on the ground that it would have been futile to present their claim to the Delaware Supreme Court, because that court has already considered and rejected numerous identical or similar OCME misconduct claims. But futility on the merits does not constitute cause for a procedurally defaulted claim. *Engle v. Isaac*, 456 U.S. 107, 130 (1982)(petitioner "may not bypass the state courts simply because he thinks they will be unsympathetic to the claim"). The Third Circuit has applied *Engle*'s reasoning in the context of exhaustion, opining that "likely futility on the merits [] in state court of a petitioner's habeas claim does not render that claim exhausted within the meaning of § 2254(b)(1)(A) so as to excuse the petitioner's failure to exhaust that claim by presenting it in state court before asserting in a federal habeas petition." *Parker v. Kelchner*, 429 F.3d 58, 64 (3d Cir. 2005). More specifically, "[a]llowing petitioners to bypass state court merely because they

24

believe that their constitutional claims would have failed there on the merits would fly in the face of comity and would deprive state courts of a critical opportunity to examine and refine their constitutional jurisprudence." *Id.*

Both the procedural history of Petitioners' Rule 61 proceedings and the instant "futility on the merits" argument are substantially similar to the procedural history of Boyer's Rule 61 proceeding and Boyer's "futility on the merits" argument. *See Boyer*, 2018 WL 5801545, at \*4-5. Applying the reasoning in *Engle* and *Parker*, the Court declined to excuse Boyer's failure to exhaust his claims on the basis of "likely futility on the merits." *Boyer*, 2018 WL 5801545, at \*5. The Third Circuit agreed; it declined to grant Boyer a certificate of appealability, explicitly stating, "We have rejected the argument that likely futility on the merits of a claim in state court excuses a habeas petitioner's failure to exhaust that claim." (*See* D.I. 23 in *Boyer*, Civ. A. No. 17-834-LPS) Given these circumstances, the Court concludes that Petitioners' failure to exhaust state remedies is not excused on the ground of likely futility on the merits.

### 3. Deficient Rule 61 procedures

In their last attempt to justify the failure to exhaust state remedies, Petitioners contend that Rule 61's procedures are so deficient that the Rule would not have provided them with an opportunity to obtain relief, thereby demonstrating that it would have been futile to present their claim to the Delaware Supreme Court on post-conviction appeal. However, "[f]ederal courts may upset a State's postconviction relief procedures only if they are fundamentally inadequate to vindicate the substantive rights provided." *Dist. Attorney's Office for the Third Jud. Dist. v. Osborne*, 557 U.S. 52, 69 (2009). Federal courts may excuse the exhaustion requirement when "it appears that the prisoner's rights have become an 'empty shell' or that the state process is a 'procedural morass' offering no hope of relief." *Hankins v. Fulcomer*, 941 F.2d 246, 250 (3d

25

Cir. 1991).

Here, Petitioners do not substantiate their contention that Rule 61 is inadequate, nor do they cite any case finding that Rule 61 is a deficient corrective process. In fact, this Court has consistently found that Rule 61 is an independent and adequate state procedural ground that precludes federal habeas review. *See, e.g., Trice v. Pierce*, 2016 WL 2771123, at \*4 (D. Del. May 13, 2016); *Maxion v. Snyder*, 2001 WL 848601, at \*10 (D. Del. July 27, 2001). Petitioners' conclusory allegations about the inadequacy of Rule 61 do not demonstrate that its procedures are an "empty shell" or a "procedural morass offering no hope for relief."

Thus, for the aforementioned reasons, the Court concludes that Petitioners' failure to exhaust state remedies does not fall within the narrow "futility" exception to the exhaustion doctrine.

### B. Procedural Default

Having determined that Petitioners' intentional failure to appeal the denial of their Rule 61 motions is not excusable, Petitioners' habeas claim remains unexhausted. At this juncture, any attempt by Petitioners to exhaust state remedies by presenting the claim in new Rule 61 motions would be barred as untimely under Delaware Superior Court Criminal Rule 61(i)(1) and as successive under Rule 61(i)(2). *See* Del. Super. Ct. Crim R. 61(i)(1)(establishing a one year deadline for filing Rule 61 motions); Del. Super. Ct. Crim. R. 61(i)(2)(barring second or successive Rule 61 motion unless certain pleading requirements are satisfied). Consequently, the Court must treat the claim as technically exhausted but procedurally defaulted, which means that the Court cannot review the merits of the claim absent a showing of cause and prejudice, or that a miscarriage of justice will result absent such review. *See Lines*, 208 F.3d at 160.

To demonstrate cause for a procedural default, a petitioner must show that "some

26

objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, a petitioner must show "that [the errors at trial] worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *See Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Wenger v. Frank,* 266 F.3d 218, 224 (3d Cir. 2001). A petitioner demonstrates a miscarriage of justice by showing a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency. *See Bousley v. United States*, 523 U.S. 614, 623 (1998). In order to establish actual innocence, the petitioner must present new reliable evidence – not presented at trial – that demonstrates "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537-38 (2006); *see also Sweger v. Chesney,* 294 F.3d 506, 522-24 (3d Cir. 2002).

To the extent Petitioners' three-pronged futility argument should also be viewed as an attempt to establish cause for their procedural default, the argument is unavailing. In order to establish cause, Petitioners must demonstrate that an external factor prevented them from appealing the denial of their Rule 61 motion. However, nothing prevented Petitioners from filing post-conviction appeals – they simply elected not to do so. Thus, Petitioners' belief that it would have been futile to present their claim to the Delaware Supreme does not constitute cause for their procedural default.

In the absence of cause, the Court does not need to address prejudice. The Court further

27

concludes that the miscarriage of justice exception does not excuse Petitioners' procedural

default. Although Petitioners contend that there is a reasonable probability that they would not

have pled guilty had they known about the OCME misconduct, and also that they may have

sought and received "a substantial reduction in the plea-bargained sentence as a condition of

forgoing a trial" (D.I. 1 at 18), neither of these assertions constitutes new reliable evidence of

their actual innocence. Accordingly, the Court will deny the instant Petitions as procedurally

barred from federal habeas review.

## IV.    EVIDENTIARY HEARING

As an alternative request for relief, Petitioners summarily ask the Court to "hold an

evidentiary hearing and allow full briefing on his [or her] claim." (D.I. 1 at 20) It is unclear

whether they request an evidentiary hearing on the underlying OCME misconduct/involuntary

guilty plea claim or on the procedural default of that claim. As explained below, the Court

concludes that an evidentiary hearing is not warranted on either issue.

### A.    Evidentiary Hearing on OCME Misconduct/Involuntary Guilty Plea Claim

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") permits

evidentiary hearings on habeas review in a limited number of circumstances.[10] *See Campbell v.*

---

[10]Prior to the enactment of AEDPA, "the decision to grant an evidentiary hearing was generally left to the sound discretion of district courts." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). However, evidentiary hearings were mandatory in six specific circumstances: "If (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing." *Townsend v. Sain*, 372 U.S. 293, 313 (1963), *overruled on other grounds by Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992). While AEDPA has not changed the "basic rule" of leaving the decision to grant an evidentiary to the discretion of the district courts, it has imposed certain limitations on the exercise of that discretion via § 2254(e)(2). *See*

28

*Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000). For instance, 28 U.S.C. § 2254(e) provides:

> (1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.
>
> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that –
>
>> (A) the claim relies on –
>>
>>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>>
>>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>>
>> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e). "Under the opening clause of § 2254(e)(2), a failure to develop the factual basis of a claim is not established unless there is a lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Williams v. Taylor*, 529 U.S. 420, 433 (2000). "Diligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law." *Id.* at 437. When determining if a petitioner has been diligent, "[t]he question is not whether the facts could have been discovered but instead whether the prisoner was diligent in his efforts." *Id.* at 435. In short, if the factual basis of the claim was not developed but the petitioner was diligent in

---

*Cristin*, 281 F.3d at 413.

29

pursuing the claim in state court, the opening phrase of § 2254(e)(2) does not bar an evidentiary hearing. *See Lark v. Sec'y Pennsylvania Dep't of Corr.*, 645 F.3d 596, 614 (3d Cir. 2011).

Nevertheless, "a petitioner who diligently but unsuccessfully seeks an evidentiary hearing in state court still is not **entitled** to an evidentiary hearing in federal court under AEDPA. Rather, [...] whether to hold a hearing for a petitioner who is not at fault under § 2254(e)(2) remains in the discretion of the district court, and depends on whether the hearing would have the potential to advance the petitioner's claim." *Taylor v. Horn*, 504 F.3d 416, 444 (3d Cir. 2007) (emphasis in original); *see Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (explaining that the "basic" pre-AEDPA rule leaving the decision on whether to grant an evidentiary hearing to the "sound discretion of district courts" has not changed under AEDPA). "Where a petitioner fails to forecast to the district court evidence outside the record that would help his cause or 'otherwise to explain how his claim would be advanced by an evidentiary hearing,' a court is within its discretion to deny the claim." *Buda v. Stickman*, 149 F. App'x 86, 90 (3d Cir. 2005).

Here, none of the seventeen Petitioners had evidentiary hearings in their Rule 61 proceedings.[11]  However, three of the seventeen Petitioners – Turner, Finney, and Watson – knowingly decided to forego an evidentiary hearing when they agreed with the Superior Court's assessment that an evidentiary hearing was not warranted in their Rule 61 proceedings because the issues were legal in nature.[12]  (*See* D.I. 13-21 at 7-36 in *Finney*, Civ. A. No. 17-723-RGA)

---

[11]The Rule 61 motions filed by the seventeen Petitioners presented the identical OCME misconduct/involuntary guilty plea claim.  The Superior Court denied all seventeen Rule 61 motions for substantially the same reason, namely, because the Petitioners knowingly and voluntarily admitted during their plea colloquy that they committed the drug crimes.

[12]The fact that Turner, Finney, and Watson knowingly waived an evidentiary hearing in state court, and admitted that the issue was legal in nature, suggests that they may not be seeking an

30

With respect to those three cases, the Superior Court explained that, "factually the critical factor appears to be whether the defendant pled guilty or proceeded to trial," and it was "willing to rule on th[e] outstanding [Rule 61] Motions based upon the pleadings filed to date," subject to the parties' agreement. *Id.* In turn, while it is not entirely clear, it appears as though thirteen of the remaining fourteen Petitioners (excluding Gibson) may have implicitly agreed to forego an evidentiary hearing in their cases.[13]

Although Turner, Finney, and Watson explicitly agreed to forego an evidentiary hearing, it appears that they technically satisfied § 2254(e) (2)'s diligence requirement because, at a minimum, the Superior Court's letter indicates that they originally sought an evidentiary hearing in the manner prescribed by state law. The Court reaches the same conclusion with respect to the aforementioned thirteen Petitioners (who may or may not have implicitly agreed to forego an evidentiary hearing). And finally, there is no indication that Petitioner Gibson either implicitly or explicitly waived an evidentiary hearing. In short, even though none of the seventeen Petitioners received an evidentiary hearing in state court, it appears that they exercised the type of diligence contemplated by § 2254(e)(2). Thus, § 2254(e) does not bar an evidentiary

---

evidentiary hearing on the substantive claim presented in this proceeding but, rather, that they are seeking an evidentiary hearing on the issue of procedural default.

[13]In a letter filed in all but Petitioner Gibson's case, the OPD asserted that, "On March 21, 2017, [the Superior] Court stated that it 'will proceed to rule [on the OCME motions currently pending in New Castle County] based upon the submissions which have been made.'" (D.I. 16-18 at 1 in *Bailey*, Civ. A. No. 17-790-RGA)  Attached to that letter is a list of the individuals with pending Rule 61motions, and all but Gibson's name are on that list.  (*Id.*)  Since, in that same letter, the OPD did not challenge the Superior Court's expressed intent to rule on the Rule 61 motions on the basis of the filings, it would appear that all remaining Petitioners except Gibson knowingly waived an evidentiary hearing.

31

hearing,[14] which means that the Court retains discretion over the decision to conduct an evidentiary hearing.

Nevertheless, Petitioners have not met their burden of showing that an evidentiary hearing would be meaningful in relation to the OCME misconduct/involuntarily guilty plea claim. Their single-sentence request for a hearing does not forecast any evidence beyond that existing in the record that would help their cause, nor does it explain how a new hearing would advance their claim. Moreover, given their admissions of guilt during their guilty plea colloquies and their failure to assert their actual innocence, Petitioners have not alleged facts that, if true, would permit them to prevail on their OCME misconduct/involuntary guilty plea claim. Accordingly, the Court concludes that an evidentiary hearing on the OCME misconduct/involuntary guilty plea claim is not warranted in any of the instant cases.

### B.   Evidentiary Hearing on Procedural Default

The Third Circuit has held that § 2254(e)(2) does not bar an evidentiary hearing to determine if a petitioner can establish cause and prejudice to avoid a procedural default. *See Cristin*, 281 F.3d at 416-17 (holding that "the plain meaning of § 2254(e)(2)'s introductory language does not preclude federal hearings on excuses for procedural default at the state level."). Consequently, it is within the Court's discretion to hold an evidentiary hearing on Petitioners' excuses for their failure to appeal the denial of their Rule 61 motions.

---

[14]Alternatively, if the Court should conclude that the aforementioned sixteen Petitioners (all but Gibson) did not satisfy the diligence requirement of § 2254(e)(2), then the Court would only be permitted (but not required) to hold an evidentiary hearing if Petitioners demonstrated that their cases fell within the very limited circumstances set forth in § 2254(e)(2)(A) and (B). Since Petitioners' single-sentence request for an evidentiary hearing does not come close to satisfying the requirements of § 2254(e)(2)(A) or (B), in this alternate scenario, § 2254( e)(2) would bar the Court from holding a hearing in those sixteen cases. The Court would still have discretion over whether to grant Gibson an evidentiary hearing.

As previously discussed, the Court has considered, and rejected, Petitioners' reasons for the procedural default, and they do not indicate any other evidence/reason that may excuse their failure to appeal the denial of their Rule 61 motions.  Therefore, the Court will not hold an evidentiary hearing on the issue of procedural default.

## V.    CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability.  *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2).  A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that the instant seventeen Petitions do not warrant relief.  Reasonable jurists would not find this conclusion to be debatable.  Accordingly, the Court will not issue a certificate of appealability in any of the instant seventeen cases.

## VI.   CONCLUSION

For the reasons discussed, the Court concludes that all seventeen Petitions must be denied.  An appropriate order will be entered.

33